IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 20 CR 443 |
| v. | ) | Judge Robert W. Gettleman |
| JOHN SEIWERT | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant John Seiwert ("Seiwert") is charged with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). Section 922(g)(3) prohibits possession of firearms by unlawful drug users and drug-addicted individuals. Seiwert moves to dismiss the indictment because the pending charge allegedly violates his rights under the Second Amendment to the United States Constitution. For the reasons discussed below, Seiwert's renewed motion to dismiss the indictment (Doc. 85) is denied.[1]

## BACKGROUND

Seiwert previously filed a motion to dismiss the indictment in this case based in part on a violation of his rights under the Second Amendment of the United States Constitution (Doc. 49). Seiwert, however, acknowledged that this basis for dismissing the indictment was foreclosed by United States v. Yancey, 621 F.3d 681 (7th Cir. 2010). In the present motion, Seiwert re-raises the issue based on the Supreme Court's ruling in New York Rifle & Pistol Assn. v. Bruen, 142

---

[1] The court set a briefing schedule on this motion on August 25, 2022 (Doc. 86). Defendant's reply brief was due on September 23, 2022. As of the date of this ruling, there is no indication that defendant has filed a reply brief in accordance with the court's briefing schedule.

1

S. Ct. 2111 (2022).

Seiwert is charged with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Section 922(g)(3) prohibits the possession of firearms by any person "who is an unlawful user or addicted to any controlled substance." In July 2020, Federal Bureau of Alcohol, Tobacco, and Firearms ("ATF") agents executed a federal search warrant on defendant's residence and found more than 100 firearms, including the firearm that he is charged with possessing in this case. In a recorded and Mirandized interview, Seiwert admitted that he is a longtime drug addict and had used drugs within hours before the agents searched his home. He admitted to a 20-year history of daily drug use and described himself as a "functioning addict." Following his arrest, Seiwert told officers, "I'm gonna be sick if I don't get any [drugs]," allegedly implicating withdrawal symptoms.

## LEGAL STANDARD

The Second Amendment to the U.S. Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court determined that "the right secured by the Second Amendment is not unlimited." Id. at 626. The right extends only to "the people," which encompasses only "law-abiding, responsible" citizens who keep or bear arms for "lawful purposes." Id. at 635. Therefore, the Supreme Court determined that regulations on firearm possession by felons and the mentally ill are presumptively constitutional. Id. at 626.

Accordingly, in United States v. Yancey, 621 F.3d 681 (7th Cir. 2010), and United States v. Cook, 970 F.3d 866 (7th Cir. 2020), the Seventh Circuit rejected the argument that § 922(g)(3) violates the Second Amendment. The Seventh Circuit determined that habitual drug users are

like felons and the mentally ill, both of whom legislatures have historically disarmed. Yancey, 621 F.3d at 686–87; Cook, 970 F.3d at 878. Because of this conclusion, the court held that the government's legitimate interest in preventing violent crime was substantially related to the statute's ban on firearm possession by unlawful drug users. Yancey, 621 F.3d at 687.

The Supreme Court, however, recently rejected such a means-end standard to evaluate regulations under the Second Amendment in Bruen. 142 S. Ct. 2111, 2126 (2022). In Bruen, the Supreme Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." Id. When the Second Amendment's plain text protects certain conduct, the government can regulate such conduct only if it can demonstrate that the regulation is consistent with the historical tradition of firearm regulation in the United States. Id. Otherwise, the court must conclude that the individual's firearm-related conduct is protected because it falls within the Second Amendment's "unqualified command." Id.

## DISCUSSION

In the present case, Seiwert argues that § 922(g)(3) violates his rights under the Second Amendment considering the recent Bruen standard. First, he claims that his possession of firearms in this case was presumptively legal under Bruen because he lawfully possessed the firearms in his home under Illinois law. Next, he argues that § 922(g)(3) is unconstitutional on its face because the government cannot point to a historical tradition of firearm regulation with respect to drug use.

The government counters that the government has historically retained the power to regulate possession of firearms by classes of citizens "who, by virtue of their current or past criminal activity, are deemed dangerous." The government claims that § 922(g)(3) is "the most

3

recent iteration of longstanding prohibitions on firearms possession by citizens whom society has judged to lack the ability to conform their conduct to the law." Bruen, they argue, "address[es] only restrictions placed on 'law-abiding citizens.'" According to the government, § 922(g)(3) addresses "those who are not, by definition, law-abiding citizens and, instead, are among the classes of individuals whose rights to bear arms historically have been restricted for public safety." Thus, the government concludes that unlawful users of controlled substances fall outside the Second Amendment's protection.

The court agrees with the government. Seiwert admitted to years of addiction to heroin and crack cocaine, in addition to using a controlled substance mere hours before his arrest. As the government notes, federal law—not Illinois law, as Seiwert argues—defines who is an unlawful user of a controlled substance for the purpose of § 922(g)(3). An individual is an unlawful user of a controlled substance under § 922(g)(3) if he is engaged in the regular and ongoing use of a drug at the time of his firearm possession, see United States v. Cook, 970 F.3d 866, 878–79 (7th Cir. 2020), as Seiwert admitted that he was.[2]

Moreover, the court agrees with the government that § 922(g)(3) is constitutional by "historical analog[y]" if § 922(g)(3) is "relevantly similar" to other historical regulations. Bruen, 142 S. Ct. at 2132–33. In this case, § 922(g)(3) is relevantly similar to regulations aimed at preventing dangerous or untrustworthy persons from possessing and using firearms, such as individuals convicted of felonies or suffering from mental illness. See also United States v. Daniels, No. 1:22-CR-58-LG-RHWR-1, 2022 WL 2654232, at *4 (S.D. Miss. July 8, 2022).

---

[2] In addition, federal implementing regulations for the Gun Control Act of 1968, which includes § 922(g)(3), define an "unlawful user of or addicted to any controlled substance" as "[a] person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance" whose "unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct." 27 C.F.R. § 478.11.

## CONCLUSION

For the reasons set forth above, Seiwert's renewed motion to dismiss the indictment (Doc. 85) is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: September 28, 2022**